Tagged opinion
Do not publish



ORDERED in the Southern District of Florida on May 24, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                    Case No.  12-14312-BKC-LMI

GLADYS BRITO,                             Chapter 13

       Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION FOR ATTORNEY'S FEES

This matter came before the Court on April 2, 2013 on the Debtor's Motion for Attorney's Fees Against Bank of NY Mellon (ECF #76) (the "Motion for Attorney's Fees"). For the reasons stated, the Motion for Attorney's Fees is denied.

The Debtor filed this case on February 23, 2012 and subsequently filed motions to value in regards to three pieces of real property (ECF #26, ECF #29, ECF #32). The Bank of NY Mellon (the "Creditor") filed a response to ECF #32, 1) arguing that pursuant to 11 U.S.C. §109(e), the Debtor was ineligible for chapter 13 and 2) disputing the Debtor's valuation of the

subject property. On July 25, 2012 the Court scheduled an evidentiary hearing on the matter for September 28, 2012. On August 20, 2012, the Debtor served the Creditor with a letter indicating the Debtor's intent to file a motion seeking attorney's fees and sanctions pursuant to Bankruptcy Rule 9011(b)(2) (the "August Letter"). The Creditor objected to the relief sought.

Prior to the evidentiary hearing, both parties agreed on the valuation issue and, by agreement, filed memoranda of law in regards to the 11 U.S.C. §109(e) issue. The Court entered an Agreed Order Granting Motion to Value Collateral on October 11, 2012 (ECF #70) and an order ruling on behalf of the Debtor on the section 109(e) issue on October 12, 2012 (ECF #71).

On November 18, 2012 the Debtor faxed a copy of the Motion for Attorney's Fees, with a letter stating that if the matter was not resolved to the Debtor's satisfaction, the Debtor would file the Motion for Attorney's Fees with the Court. The Creditor objected to the relief sought again. The Debtor ultimately filed the Motion for Attorney's Fees with the Court on February 5, 2013.

## Legal Discussion

The Motion for Attorney's Fees seeks attorney's fees and costs against the Creditor incurred by the Debtor in defending against the Creditor's claims that the Debtor did not qualify for chapter 13 pursuant to section 109. Paragraph 9 of the Debtor's mortgage with the Creditor (the "Mortgage") allows the lender to recover "reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding." The Debtor does not specifically state which Florida statute on which she relies, but states that the Debtor is seeking relief through Florida's "reciprocity of attorney's fees for the winning party's attorney's fees" using paragraph 9 of the Mortgage. The Court

interpreted that statement as a prayer for relief pursuant to Fla. Stat. §57.105(7).[1] Fla. Stat. §57.105(7) states that if a contract allows attorney's fees to one party in an action to enforce the contract, a court may allow fees to the other party when that party is successful in any action with respect to the contract.

In response to the Motion for Attorney's Fees (ECF #84), the Creditor argues that the motion should be denied for three reasons: 1) that the Creditor did not receive proper notice, 2) that the Debtor's request for fees and costs was untimely, and 3) that because the relief pursuant to Fla. Stat. §57.105(7) is reciprocal in nature, and because the Creditor cannot seek fees against the Debtor post-petition, the Debtor is barred from seeking fees.[2]

Both the Debtor and the Creditor rely on Judge Olson's decision in *In re Full Gospel Assembly of Delray Beach, Inc.*, 371 B.R. 559 (Bankr. S.D. Fla. 2007) ("*Full Gospel*"), which holds, relying on *Stockman v. Downs*, 573 So.2d 835 (Fla.1991), that a party seeking attorney's fees pursuant to Fla. Stat. §57.105(7) needs to set forth a claim for attorney's fees in a pleading seeking affirmative relief and that failure to do so constitutes a waiver of the claim. In *Full Gospel* a creditor filed various claims in regards to an alleged mortgage and the debtor objected to those claims. After the matter was settled, the debtor then sought attorney's fees and costs against the creditor pursuant to Fla. Stat. §57.105(7). The court denied the debtor's motion for fees and costs because the debtor did not originally seek fees and costs in the objection to the creditor's claims. The *Full Gospel* court reasoned that the creditor had no notice prior to settling

---

[1] Fla. Stat. §57.105(7):

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

[2] The Court does not need to address the issue of reciprocity because it is ruling in favor of the Creditor on other grounds.

of the debtor's claim for fees and costs and that "[t]he existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case…. the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision whether to pursue a claim, dismiss it, or settle." 371 B.R. at 564.

In this case the facts are analogous to the facts in *Full Gospel*: the parties settled on the valuation issues and the Court entered an order on the section 109(e) issue before the Debtor filed the Motion for Attorney's Fees. Further, as the Creditor points out, had the Creditor known the Debtor was still going to pursue fees and costs after the Creditor first responded to the August Letter, the Creditor might not have settled, or settled in a different manner.[3]

The general rule that a claim for attorney's fees needs to be stated in a pleading seeking affirmative relief is subject to two exceptions –first "where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to the claim or otherwise fails to object to the failure to plead entitlement…." *Stockman*, 573 So.2d at 835 (Fla.1991*).* Second, as noted in footnote 4 of *Full Gospel*, an attorney's fee claim pursuant to Fla. Stat. §57.105(1) does not need to be pled until the matter is ruled on because "there is no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous issues in a civil case and, therefore, to plead in good faith its entitlement to attorney's fees…." *Ganz v. HZJ, Inc.*, 605 So.2d 871, 872 (Fla. 1992).

The first exception to the general rule does not apply to this case. The August Letter, sent by the Debtor before the parties settled, suggested that the Debtor might seek sanctions pursuant to Bankruptcy Rule 9011(b)(2), not fees and costs pursuant to Fla. Stat. §57.105(7). The August Letter does not give the Creditor notice that the Debtor would seek fees and costs by relying on

---

[3] The Creditor, in its Response to the Motion for Attorney 's Fees (ECF # 84) states that "[a] prayer for attorney's fees may have significantly altered Creditor's desire to settle such litigation, especially when considering that Creditor voluntary declined to pursue the issues related to HAMP loans creating a recourse obligation."

reciprocity and Fla. Stat. §57.105(7). Moreover, it is clear the Debtor is not relying on the August Letter; in the Motion for Attorney's Fees the Debtor states that the she is not seeking sanctions against the Creditor. The second exception to the general rule also does not apply to this case. The *Gantz* decision dealt with Fla. Stat. §57.105(1), not Fla. Stat. §57.105(7), and the Debtor at no point argues in the Motion for Attorney's Fees that the Creditor's arguments to the Court were frivolous.[4]

The Debtor did not set forth a claim for attorney's fees in a pleading seeking affirmative relief until after the parties settled on the valuation issues, which deprived the Creditor of the opportunity to include the attorney's fees and costs dispute in the settlement negotiations. The Debtor's request for attorney's fees pursuant to Fla. Stat. §57.105(7) was untimely and did not give proper notice to the Creditor prior to the settlement. Therefore the Debtor's Motion for Attorney's Fees is **DENIED**.

###

Copies furnished to:
Laila Gonzalez, Esq.
Owen G. Hare, Esq.

*Attorney Gonzalez shall serve a conformed copy of this order upon all parties in interest and file a certificate of service with the Clerk of Court.*

---

[4] In the Motion for Attorney's Fees the Debtor quotes to the *Gantz* case but does not allege that it applies to this case.